**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

JENNY THOMPSON,

                    Plaintiff,

v.                                                          **Case No. _____**

GENESIS HEALTH CLUBS MANAGEMENT,
INC.                                                    **JURY TRIAL REQUESTED**

SERVE:  Rodney L. Steven II
              6100 Central Bldg 3
              Wichita, KS 67208


                    Defendant.


**COMPLAINT**

Plaintiff Jenny Thompson states her causes of action against Defendant Genesis Health

Clubs Management, Inc. ("Defendant" or "Genesis") as follows:

**INTRODUCTION**

1.      This is an action for discrimination and retaliation based on Plaintiff's gender and

as a result of her claims of discrimination. Plaintiff's claims arise under Title VII of the Civil

Rights Act of 1964.

2.      Plaintiff a female, worked for Defendant from December 2020 until she was

constructively discharged on July 26, 2021.

3.      Throughout her tenure with Defendant, Plaintiff was subjected to ongoing severe

and pervasive discrimination on the basis of her gender and because of her complaints of

discrimination.

4.      In July 2021, Plaintiff was forced to resign from her position after management

made it clear that it would not address the ongoing problems with sexual harassment and pay irregularities related to retaliation she had reported.

5. Plaintiff seeks all available legal and equitable remedies for discrimination and retaliation, including, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1343, which provides for original jurisdiction in this Court for suits brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and by 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law; and with respect to Title VII, by 42 U.S. C. § 2000e-5(f)(3). This Court also has jurisdiction over Plaintiff's claim because Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and received a Right-to-Sue letter dated January 19, 2022, and received thereafter.

7. Plaintiff's action for damages is authorized by 42 U.S.C. § 2000e *et seq.*, which provides for redress, including actual and punitive damages and recovery of attorneys' fees, when an individual has suffered discrimination in employment based gender and retaliation.

8. Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, and because the employment decisions were made in this District.

## PARTIES

9. At all times relevant to this lawsuit, Plaintiff Jenny Thompson was a resident of Missouri.

10. Defendant Genesis Health Clubs Management, Inc., is a domestic for-profit

corporation incorporated in Kansas.

## ADMINISTRATIVE PROCEEDINGS

11.     On or about August 24, 2021, Ms. Thompson filed a timely charge of discrimination against Genesis with the EEOC.  A copy of Ms. Thompson's charge is attached as Exhibit A.

12.     On or about January 19, 2022, the EEOC mailed a notice of right to sue pursuant to Title VII to Ms. Thompson, and she received it thereafter.  A copy of the Right to Sue Notice is attached as Exhibit B.

13.     This action has been filed with this Court within 90 days of Ms. Thompson's receipt of the right-to-sue notice of from the EEOC.  Ms. Thompson has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND

14.     Plaintiff Jenny Thompson worked for Defendant at its Liberty, Missouri location from December 15, 2020 until her constructive discharge on July 26, 2021.

15.     Ms. Thompson was initially hired to be an Operations Manager. She was promoted to Assistant Club Manager in May 2021. Part of Plaintiff's job duties included making sales to new gym patrons.

16.     Within approximately one month after her employment began, Parker Schwartz, a fitness advisor employed at the Liberty location, began sexually harassing Ms. Thompson. His conduct included "twerking" around Ms. Thompson, placing his hands on a desk and making jerking motions up and down with his hips and bottom. Mr. Schwartz also made lewd moaning noises to mimic sounds of people having sex, and made "humping" motions with his hips and pelvis.

17.     Mr. Schwartz would also straddle the gap between two desks (one of which was Ms. Thompson's work station) and perform the twerking/humping motion with hips. In that position, his crotch was at eye level for where Plaintiff was sitting.

18.     Mr. Schwartz also humped the gym equipment.

19.     Plaintiff and other women at the Liberty club told Mr. Schwartz to stop his conduct, but he did not comply.

20.     Mr. Schwartz's harassing behaviors as set forth in paragraphs 16-19 persisted throughout the entirety of her employment with Defendant.

21.     Ms. Thompson reported Mr. Schwartz's conduct to Jason Marshall, the Club Manager, and asked Mr. Marshall to direct Mr. Schwartz to cease his sexually harassing behavior. But Mr. Marshall brushed off Ms. Thompson's complaints, telling her that she should "lighten up," that Mr. Schwartz was "just young," and that he was "just being funny," and "having fun."

22.     Mr. Marshall also reprimanded Ms. Thompson for having shared her concerns about Mr. Schwartz's harassing behaviors with coworkers. He told her that she should address her concerns directly with Mr. Schwartz and that she should stop talking with others about it.

23.     Mr. Schwartz had a habit of printing unflattering or compromising pictures of female employees from social media and displaying them. Ms. Thompson reported that conduct (which included a photo of her) to Mr. Marshall, but he did not take any meaningful action to stop Mr. Schwartz's conduct. Instead, such conduct persisted throughout Ms. Thompson's tenure with Defendant.

24.     Ms. Thompson excelled at the sales part of her role. During summer of 2021, she was among the most successful sales representatives at the Liberty club, while Mr. Schwartz, who was also in sales, was among the least successful representatives.

25.    In or about July 2021, Mr. Schwartz falsely accused Ms. Thompson of stealing his sales. Although Ms. Thompson was able to show her work to prove that she herself had made the sales, and she had been working long hours, often late into the night, Mr. Marshall claimed that her success was due to Mr. Schwartz's work, and reassigned some of Ms. Thompson's clients to Mr. Schwartz. Ms. Thompson thus lost commissions she had earned.

26.    Subsequently, Ms. Thompson noted that her paystubs were unclear in terms of her commissions. She brought her concerns to Mr. Marshall's attention, but he ignored her.

27.    On July 26, 2021, faced with ongoing and unremitting sexual harassment, an unfair loss of income, and having important questions and concerns ignored, Ms. Thompson submitted her resignation. In her resignation correspondence, she specifically referenced her concerns about harassment, retaliation, and lost pay.

28.    On July 28, 2021, Jose Riveros, the Vice President of Sales for Defendant, contacted Ms. Thompson to talk about her resignation letter. In their subsequent meeting, Mr. Riveros told Ms. Thompson he did not want to hear about any of the things that had prompted her resignation from the Liberty location. He told her that each Club Manager creates their own "culture" for their club. He then offered her either a lower ranking position, or the same position at another club.

29.    Because Mr. Riveros refused to hear Ms. Thompson's complaints of sexual harassment and retaliation, and because he essentially condoned them by discounting them as "club culture," Ms. Thompson did not feel safe continuing to work for Defendant. Instead, in light of Defendant's clear willingness to condone sexual harassment and retaliation, Plaintiff had no other recourse but to separate.

**COUNT I**
**GENDER DISCRIMINATION AND SEXUAL HARASSMENT**

30.     Ms. Thompson is female, who was employed by Defendant Genesis in from December 15, 2020 until her constructive discharge in July 2021.

31.     During her tenure with Defendant, Plaintiff was subjected to ongoing sexual harassment from a coworker. Her coworker made twerking and humping motions with his hips, humped machines, moaned as though he were having sex, and positioned himself so that his crotch was at Ms. Thompson's eye level when he made the twerking/humping motion.

32.     Ms. Thompson reported her complaints of sexual harassment, but the club manager brushed her off, telling her she should lighten up.

33.     The harassment Ms. Thompson experienced ultimately resulted in her constructive discharge.

34.     As shown by the foregoing, Ms. Thompson suffered intentional discrimination at the hands of Defendant and its agents, employees, and affiliates during the course of her employment with Defendant, based on her gender, in violation of Section 703(a) if Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

35.     As a direct and proximate result of Genesis' actions and/or inaction, Ms. Thompson has been deprived of income and other monetary and non-monetary benefits.

36.     As a further direct and proximate result of Genesis' actions and/or inaction, Ms. Thompson has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

37.     Genesis engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Thompson. Ms. Thompson is therefore entitled

6

to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

38.     Ms. Thompson is entitled to recover from Defendant reasonable attorneys' fees and costs of litigation, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff Jenny Thompson asks that the Court enter judgment in her favor, finding that she has been subjected to unlawful discrimination; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for her costs expended; for her reasonable attorneys' and expert's fees; and for such relief as this Court deems just and proper under the circumstances.

## COUNT II
## HOSTILE WORK ENVIRONMENT BASED ON GENDER

39.     Ms. Thompson is a female who was employed by Defendant Genesis from December 15, 2020, until her constructive discharge in July 2021.

40.     During the course of Ms. Thompson's employment, her coworker sexually harassed her as set forth above, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

41.     The harassment was severe and pervasive and had the purpose and effect of unreasonably interfering with Ms. Thompson's working conditions and performance thereby creating an intimidating, hostile, and offensive working environment.

42.     The harassment caused severe anxiety, stress, and embarrassment to Plaintiff.

43.     The conduct described in this Complaint would have offended a reasonable person of the same sex in Ms. Thompson's position and was unwelcome.

44.    Ms. Thompson reported her concerns to her supervisor, but nothing was done to stop the harassment. Instead, her supervisor told her she should "lighten up."

45.    Genesis senior management refused to hear any of Ms. Thompson's complaints about ongoing severe sexual harassment and instead discounted them as "club culture."

46.    As a direct and proximate result of Genesis' actions, Ms. Thompson has been deprived of income and other monetary and non-monetary benefits.

47.    As a further direct and proximate result of Defendant's actions and/or inaction, Ms. Thompson has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

48.    Genesis engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Thompson such that Ms. Thompson is entitled to an award of punitive damages in an amount sufficient to punish Genesis and deter Defendant and other employers from like conduct in the future.

49.    Ms. Thompson is entitled to recover from Genesis reasonable attorneys' fees and litigation costs, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff Jenny Thompson asks that the Court enter judgment in her favor, finding that she has been subjected to an unlawful conduct by Genesis prohibited by 42 U.S.C. § 2000e *et seq.*; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for her costs expended; for her reasonable attorneys' and expert's fees; and for such relief as this Court deems just and proper under the circumstances.

## COUNT III
## RETALIATION

50.    Ms. Thompson's reports of gender-based harassment and disparate treatment, constituted protected action under Title VII, 42 U.S.C. § 2000e-3(a).

51.    Ms. Thompson's opposition to the discrimination she experienced was reasonable, unambiguous, and made in good faith.

52.    After and because of her opposition to unlawful discrimination in the workplace, Ms. Thompson experienced retaliation in that her sales were given to her harasser, and she lost commissions as a result.

53.    Genesis unlawfully retaliated against Ms. Thompson for her protected activity and knowingly used false, pretextual reasons to mask its unlawful retaliation.

54.    Genesis conduct violated Ms. Thompson's rights under Title VII, 42 U.S.C. § 2000e-3(a), and was undertaken willfully and maliciously so as to support an award of punitive damages.

WHEREFORE, Plaintiff Jenny Thompson asks that the Court enter judgment in her favor, finding that she has been subjected to unlawful discrimination by Genesis; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Jenny Thompson requests a trial by jury on all claims in her Complaint that may properly be submitted to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**

 /s/ *Mark V. Dugan*

Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heathis@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone: (913) 322-3528
Facsimile: (913) 904-0213

**Counsel for Plaintiff**

10